UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| NICK J. OLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:13-CV-113 JD |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Nick J. Oland, a *pro se* prisoner, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254

challenging a state conviction. [ECF No. 1.] Pursuant to RULE 4 OF THE RULES GOVERNING SECTION

2254 CASES, the court is obligated to review the petition and dismiss it if "it plainly appears from

the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

According to the petition, Oland pled guilty to felony theft in Lake County Superior Court

and was sentenced to three years in prison. [ECF No. 1.] He did not pursue a direct appeal, nor did

he pursue any state post-conviction relief. [*Id.* at 1-2.] Giving his federal petition liberal

construction, he claims that his guilty plea was not knowing and voluntary because he was misled

by the judge and prosecutor about the length of time he would serve in prison. [*Id.* at 3.] He

acknowledges that he has not yet presented this claim to the Indiana courts. [*Id.*]

Oland's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996

("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA allows a district court to issue

a writ of habeas corpus on behalf of a person incarcerated pursuant to a state court judgment "on the

ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, the court must ensure that

the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quotation marks omitted).

Here, it is apparent from the petition that Oland has not yet presented his claim to the state courts, even though he has an available remedy for seeking to withdraw his guilty plea. *See* IND. CODE § 35-35-1-4; IND. POST-CONVICT. R. 1 *et seq*. Until he exhausts his state court remedies, he cannot obtain federal habeas relief. *Lewis*, 390 F.3d at 1026. Accordingly, the petition will be dismissed. However, the dismissal will be without prejudice to his right to pursue federal habeas relief after exhausting all available state court remedies.

For these reasons, the petition [ECF No. 1] is DISMISSED WITHOUT PREJUDICE pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

SO ORDERED.

ENTERED:  April 4, 2013

　　　　　　　　　　　　　　　　　　　/s/ JON E. DEGUILIO
　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　United States District Court